IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,657-01






EX PARTE MICHAEL LAKEITH HUBBARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05CR-16,561 IN THE 273RD DISTRICT COURT


FROM SHELBY COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to fourteen (14) years' imprisonment. He did not appeal his
conviction.

 Applicant contends that his plea was involuntary because the plea agreement cannot be
followed. Specifically, he alleges that he pleaded guilty upon the condition that he would receive
1578 days credit, but that the agreement cannot be followed as he only committed his offense 737
days before sentencing. He alleges that his trial counsel and the trial judge both assured him that
he would get the 1578 days pre-sentence jail time credit and that he would not have pleaded guilty
but for the promise of the credit. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall order the General
Counsel's Office of the Texas Department of Criminal Justice to obtain an affidavit from the
appropriate TDCJ official regarding the amount of pre-sentence jail time credit Applicant received
on this sentence. Also, the trial judge shall order trial counsel to file an affidavit addressing whether
(1) the 1578 days of pre-sentence jail time credit was an affirmative part of Applicant's plea
agreement; (2) whether he advised Applicant that he would get the 1578 days credit if he pleaded
guilty; and (3) whether he believes that Applicant would not have pleaded guilty, but for the promise
of pre-sentence jail time credit. In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant pleaded guilty upon the
condition that he would get 1578 days pre-sentence jail time credit. The trial judge shall make
findings of fact as to whether the number of days to be credited listed on the judgment is accurate. 
Also, the trial judge shall make findings of fact as to whether counsel believed that Applicant would
have pleaded guilty, but for the promise of 1578 days of pre-sentence jail time credit. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 30, 2008

Do not publish